Janet D. SHIPLEY, Appellant–Petitioner,

v.

Donald P. SHIPLEY, Appellee–Respondent.

No. 48A02–9310–CV–553.

Court of Appeals of Indiana, Second District.

April 24, 1995.

Marianne Woolbert, Anderson, for appellant.

William Byer, Jr., Byer & Byer, Anderson, for appellee.

# 1050

## OPINION

HOFFMAN, Judge.

Appellant Janet D. Shipley appeals an order of the superior court which rejected findings made by a Title IV–D [of the Social Security Act, 42 U.S.C. 651] court commissioner as to the amount of child support arrearage owed by appellee Donald P. Shipley.[1]

The superior court's order from which Janet appeals recites that it has jurisdiction over the support of the parties' minor child, T.S., by virtue of the dissolution proceedings in Cause No. S–79–417, and over the support of the parties' minor child, S.S., by virtue of a paternity adjudication in Cause No. 48D02–8701–JP–049. The order also notes that the juvenile court ordered the matters consolidated under Cause No. S–79–417.

Upon request by the State of Indiana to intervene for Title IV–D enforcement, the superior court summarily granted intervention on November 27, 1992. However, on December 3, 1992, the intervention order was vacated by the superior court. Janet did not appeal the superior court's order vacating the intervention order.

As noted by the superior court's order, the State continued to pursue Title IV–D enforcement before the IV–D commissioner. The IV–D commissioner found a support arrearage which was "recommended." The superior court's order found the recommendation and all actions taken by the IV–D commissioner after December 3, 1992, null and without effect. The superior court then determined the amount of the arrearage and set a schedule for payment.

Janet complains that the superior court did not have jurisdiction to vacate the IV–D commissioner's "order" establishing the arrearage. Janet misperceives the role of the commissioner. The superior court never relinquished jurisdiction.

By statute, the Title IV–D commissioner is appointed by the "judge of a court having jurisdiction over actions arising under Title

IV–D" and may "make findings of fact and recommendations for the judge's approval in actions arising under Title IV–D." See IND. CODE § 12–17–2–19 (1992 Supp.). Thus, the commissioner's findings did not establish an arrearage. The findings constituted a recommendation which required approval by the judge. In the instant case, the commissioner's authority to make the findings and recommendation was vacated. However, valid findings would still require the approval of the judge and would not "establish" an arrearage.

There being no finding of error, the judgment of the superior court is affirmed.

Affirmed.

SHARPNACK, C.J., and STATON, J., concur.

---

1. The parties' appellate briefs are wholly inadequate. Further, Donald's Brief of Appellee, nominated a reply brief, contains material which this

Court refused when Donald's motion to correct the record was denied.